UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES D. DEANGELO,

    Plaintiff,

v.       Case No. 8:14-CV-1292-T-30TBM

STACY M. BUTTERFIELD, et al.,

    Defendants.
_____/

**O R D E R**

Plaintiff, a State of Florida prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), a motion for leave to proceed in this action *in forma pauperis* (Dkt. 2), and Motion Requesting Appointment of Counsel (Dkt. 3).[1] The complaint appears to allege that Plaintiff is indigent and therefore unable to pay the restitution, court costs, and other monetary obligations imposed against him by the Florida, Virginia, and Pennsylvania state courts in his criminal cases.

Because Plaintiff seeks to proceed *in forma pauperis*, this Court is required to review his case to determine whether his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such

---

[1] This action was transferred to this Court by the United States District Court, Northern District of Florida (Dkt. 7).

relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The phrase "fails to state a claim upon which relief can be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*. The complaint fails to allege the denial of a right guaranteed by the Constitution or laws of the United States. Accordingly, this action is due to be dismissed for failure to state a claim upon which relief can be granted. *See Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002) (to plead a § 1983 claim, plaintiff must allege a violation of a right secured by the Constitution or laws of the United States).

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. The dismissal is without prejudice to Plaintiff filing a new complaint, in a new case, with a new case number.

    2.       The **Clerk** shall terminate all pending motions as moot, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2014.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*